Amrik SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40024–ag.

United States Court of Appeals, Second Circuit.

Nov. 26, 2007.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Steven M. Biskupic, United States Attorney; Susan M. Knepel, Assistant United States Attorney, Milwaukee, WI, for Respondent.

PRESENT: ROSEMARY S. POOLER, ROBERT D. SACK, SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Amrik Singh, a native and citizen of India, seeks review of the May 29, 2003 order of the BIA denying his motion to reopen. *In re Amrik Singh,* No. A75 261 636 (B.I.A. May 29, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). The BIA may properly deny a motion to reopen when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

 Here, we find that the BIA did not abuse its discretion in denying Singh's motion to reopen. The BIA reasonably found that the newspaper articles Singh submitted, which detailed isolated instances of abuses against Sikhs in India, were not material and did not establish his eligibility for relief where they provided no basis on which to overturn the agency's prior adverse credibility finding. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d

Cir.2005) (per curiam) (concluding that the BIA did not abuse its discretion where it "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application"). Moreover, to the extent that the BIA assumed that Singh was Sikh, it did not err in finding that reopening was not warranted where Singh did not show that the individuals described in the articles he submitted were similarly situated to him.

■ Singh also has filed a motion to remand this case to the agency for consideration of his application to adjust his status, informing this Court of the recent approval of an Immigrant Petition for Alien Worker on his behalf. The government has filed an opposition to Singh's motion. We have held that remand for the consideration of additional evidence is inappropriate, where, as here, the "evidence . . . was not in the record before the BIA and . . . the agency regulations set forth procedures to reopen a case . . . for the taking of additional evidence." *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007). Accordingly, we will deny Singh's motion to remand. Singh's proper recourse is to move to reopen before the BIA, requesting a stay of removal pending disposition of his application for adjustment of status.

For the foregoing reasons, the petition for review is DENIED. Petitioner's motion to remand is also DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.